UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


PAUL WILLIAM NIX,

       Petitioner,

v.                                    Case No. 2:14-cv-28
                                      HON. GORDON J. QUIST

CATHERINE BAUMAN,

       Respondent.
_____/


**REPORT AND RECOMMENDATION**

       Petitioner Paul Nix filed this petition for writ of habeas corpus challenging his jury conviction on two counts of second-degree child abuse and one count of third-degree fleeing and eluding. Petitioner was sentenced as a fourth habitual offender to 6 to 40 years for his fleeing and eluding and to two concurrent terms of 4 to 15 years for his child abuse. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. The Michigan Court of Appeals summarized the facts:

> In the early morning hours of June 1, 2011, defendant, his wife, and their two children were sitting in a Chevy Blazer in a city park. A patrolling Grand Traverse County sheriff's deputy attempted to approach the vehicle because its license plate bore expired tags. Defendant drove away because he feared that there was an outstanding warrant for his arrest based on an armed altercation he had engaged in three days before.
>
> Defendant raced through a maze of streets, taking many twists and turns, with several patrol cars joining the pursuit. During the 24-mile chase, defendant reached speeds of up to 100 miles an hour, crossed the centerline, and disregarded traffic signals and signs. Defendant veered to avoid "stop sticks" a deputy had placed in his path and drove off the roadway and into a private yard. Defendant attempted

> to "ram" a patrol car that attempted to "box in" the Blazer and nearly caused "a devastating accident." Defendant led the deputies through two downtown areas and past civilian vehicles unlucky enough to be on the road.
>
> Ultimately, defendant drove into Benzie County and to the Crystal Mountain Resort. Defendant drove his vehicle up a hill and crashed into the resort's large "Alpine Slide." Defendant escaped on foot and was not captured that night. Defendant's wife and children also fled on foot but were discovered shortly thereafter. The deputies searched the vehicle and found no child safety seats for the two small children. One week later, an Arkansas state trooper arrested defendant while he attempted to escape to Mexico with his wife and their children.

Michigan Court of Appeals Opinion, PageID.845-855, ECF No. 8-17.

> Petitioner alleges that:
>
> I. Petitioner's due process rights were violated when he was never arraigned in circuit court, never waived his circuit court arraignment, could not properly prepare for trial, and was not aware of the charges against him.
>
> II. Petitioner's attorneys provided ineffective assistance because they failed to move for dismissal of the charges on grounds of a violation of Petitioner's due process rights and for lack of jurisdiction.
>
> III. Since Petitioner was not arraigned in circuit court, the prosecution never had jurisdiction over Petitioner to proceed to trial or any other proceeding.
>
> IV. The failure to file a fourth-degree habitual offender notice within the required 21 days of circuit court arraignment was arbitrary and due to circuit court arraignment violation.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state

- 2 -

court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Each of Petitioner's claims relate to his allegation that he was never arraigned in circuit court.  PageID.897-907, ECF No. 8-17.  The Michigan Court of Appeals rejected Petitioner's claim stating:

> In a pro se brief field pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant contends that his trial counsel deficiently failed to take action when the circuit court failed to arraign defendant on the information.  Defendant failed to preserve this issue by requesting a new trial or an evidentiary hearing and our review is therefore limited to plain error on the existing record.  *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002).  To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice.  *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011).  To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of his proceedings would have been different.  *Id.*

- 4 -

> Following defendant's arrest, he was arraigned by use of two-way interactive video technology in the district court as required by MCR 6.104 and MCR 6.006(A). A preliminary examination was then conducted in the district court and defendant was bound over as a fourth-offense habitual offender on two counts of second degree child-abuse and one count of fleeing and eluding. After the preliminary examination, the circuit court would notify defendant of the charges against him and allow him to enter a plea. MCR 6.113(B). This circuit court arraignment could also be held in the district court if the county has instituted such procedures. MCR 6.111(A).
>
> It is clear from the record that defendant was never arraigned in the circuit court, nor was the circuit court's arraignment conducted in the district court pursuant to MCR 6.111(A). However, defendant has submitted to this Court a document signed by his attorney in which defendant waived his right to a circuit court arraignment, stated that he had been notified of the charges listed in the information, and indicated that he pleaded not guilty. Although defendant complains that he did not agree to this waiver, there is no record support for this assertion.
>
> In any event, defendant has not established prejudice. A showing of prejudice is required to merit relief for failure to hold a circuit court arraignment. MCR 6.113(A). "The purpose of an arraignment is to provide formal notice of the charge against the accused." *People v Waclawski*, 286 Mich App 634, 704; 780 NW2d 321 (2009). Defendant had notice of the charges against him because he had access to the information and he was present at the preliminary examination at which he was bound over for trial on the charges. Although defendant claims ignorance of the fourth-offense habitual offender enhancement, a sentencing enhancement notice was included in the information. See *id.* at 706 ("The information duly notifies a defendant of the charges instituted against the defendant . . . .").
>
> Another purpose of the arraignment is to allow the defendant to enter a plea on the charges. *People v Manning*, 243 Mich App 615, 624; 624 NW2d 746 (2000); MCR 6.113(B). "After trial on the merits want of plea does not render a conviction invalid." *People v Weeks*, 165 Mich 362, 364; 130 NW 697 (1911).

Michigan Court of Appeals Opinion, PageID.859-860, ECF No. 8-17.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.

A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of

prevailing on a *Strickland* claim in the context of habeas and AEDPA") (citing *Harrington*, 562 U.S. at 102).

The Constitution requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI; *see Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). However, it does not require the specific procedure of arraignment as long as a defendant's right to notice is satisfied by other means. *Redwine v. Renico*, No. Civ. 01–CV–74802–DT, 2002 WL 31245256, at *3 (E.D. Mich. Sept. 30, 2002). Moreover, federal habeas courts, unlike state appellate courts, do not grant relief for failure to follow state procedural rules, unless this failure infects the entire trial so as to render a conviction a violation of due process. *Estelle v. McGuire*, 502 U.S. 62, 72-73 (1991). See *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004) (citing *Estelle*).

Petitioner specifically claims that he "was denied an Arraignment of charges in Circuit Court without a valid waiver, MCR 6.113(c). All charges were different once bound over to Circuit Court from District Courts original arraignment on complaint felony. Technically Defendant was never arraigned period on any of the charges being they all changed after the first arraignment." PageID.901, ECF No. 8-17. Petitioner acknowledges that he was arraigned once. Petitioner argues that since the charges changed before his trial, he should have been arraigned again.

The actions which resulted in Petitioner's conviction occurred on June 1, 2011. The record shows that, originally, "the charge in this case [was] fleeing and eluding." PageID.134, ECF No. 8-2, see *id.* at 146. The record also shows that Petitioner was arraigned in district court by video conference on June 22, 2011 where Petitioner was read his Miranda rights, requested and received

- 7 -

an appointed attorney, and had his bond set at $25,000. PageID.880, ECF No. 8-17. *See* MCR 6.104(A), (E).

However, during the first day of Petitioner's preliminary examination on July 5, the prosecution stated its intention to add two "charges of child abuse second degree." PageID.134, 153-155, ECF No. 8-2; PageID.880, ECF No. 8-17. The record on the end of the first day of the preliminary examination shows the trial court's "request that [prosecution] amend the complaint by the 21 [of July], so - - as soon as possible before that, actually, so [trial counsel] knows which statute you're relying upon." PageID.156, ECF No. 8-2. The complaint was amended on the following day to include two counts of second-degree child abuse. PageID.880, ECF No. 8-17; PageID.119, ECF No. 8-1. At the end of the third day of Petitioner's preliminary examination on August 10, the district judge bound Petitioner over to the circuit court on all three charges. PageID.223, ECF No. 8-5. *See* PageID.120, ECF No. 8-1.

Petitioner's felony information was filed by the prosecution on August 12. PageID.120, ECF No. 8-1. *See* MCR 6.112(B). Petitioner submitted a form, signed only by his attorney on August 16, showing that Plaintiff had received a copy of the information, had read it or had it explained to him, understood the charges, and waived his right to an arraignment on the information in open court scheduled for August 19. PageID.912, ECF No. 8-17. *See* MCR 6.113(C). Petitioner's felony information contained the habitual-offender enhancement sought by the prosecution. PageID.860, ECF No. 8-17. The Michigan Court of Appeals found no violations of state procedures in Petitioner's case. However, even if there were such violations, Petitioner has failed to demonstrate that they rise to the level warranting federal habeas relief. As demonstrated by the record before this Court, Petitioner had ample and timely notice of the criminal charges against him. This satisfies the constitutional requirements under the Sixth and Fourteenth

Amendments. In the opinion of the undersigned, Petitioner has not demonstrated that trial counsel's performance was outside the wide bounds of professionally competent conduct and trial strategy or resulted in prejudice to Petitioner, given the weight of the evidence against Petitioner presented at trial that included his wife's incriminating testimony on the second day of trial. *See* PageID.655-657, ECF No. 8-14. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly, it is recommended that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ TMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 16, 2016