UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL WILLIAM NIX,

    Petitioner,

v.                                    Case No. 2:14-CV-28

CATHERINE BAUMAN,           HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Paul William Nix, filed a petition for writ of habeas corpus alleging that his due process rights were violated because he was never arraigned in Michigan circuit court.  Respondent was ordered to answer.  On June 16, 2016, based on the parties' submissions and the Rule 5 materials, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition.

Petitioner has filed Objections to the R & R, urging the Court to reject the magistrate judge's recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court concludes that the R & R should be adopted and the petition denied.

In his R & R, the magistrate judge concluded that the Michigan Court of Appeals' decision was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  In particular, the magistrate judge observed that

any violations of state law did not rise to the level of a Constitutional violation because Petitioner had ample notice of the charges against him. (R & R at 8–9.) The magistrate judge further concluded that Petitioner failed to show that his trial counsel's performance was deficient or that prejudice resulted from the written waiver form Petitioner's trial counsel filed in the state court. (*Id.*)

Although Petitioner raises two specific objections, they actually go to the same point—that Petitioner did not waive his right to be arraigned in open court. In support of this objection, Petitioner submits the Waiver of Arraignment form signed by Petitioner's counsel but not by Petitioner. (ECF no. 12-3.) Even though Petitioner did not sign the form, however, such would not undermine the magistrate judge's conclusion that Petitioner's right to due process was not violated. As both the magistrate judge and the state court concluded, Petitioner had timely and sufficient notice of the charges against him by other means. Petitioner does not contest this conclusion, nor does the Court find any basis to reject it. Accordingly, Petitioner's objections lack merit.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 16, 2016 (ECF No. 11) is **APPROVED AND ADOPTED** as the Opinion of this Court,

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Thirty Day Enlargement of Time (ECF no. 12) is **GRANTED**, Petitioner's Objections (ECF No. 12-2) are **OVERRULED**, and Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will issue.


Dated: July 28, 2016                           /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE